UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SATTERFIELD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3123 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| HSBC NORTH AMERICA HOLDINGS INC., HSBC BANK USA, N.A., HSBC FINANCE CORPORATION, and HSBC MORTGAGE SERVICES INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This suit, brought by Nathaniel Satterfield, Jr., against what appear to be the successors to the mortgagor of the home previously owned by his mother and sister, was preceded by two closely related state court suits. The first was the mortgagor's successful foreclosure suit against Satterfield's mother and sister. *See Beneficial Ill., Inc. v. Satterfield*, 2013 IL App (1st) 122470-U (Ill. App. 2013) (reproduced at Doc. 25-1), *app. denied*, 3 N.E.3d 794 (Ill. 2014); *see also* Docs. 23-1, 23-2 (trial court orders). The second was Satterfield's own suit against entities related to the mortgagor—and also that partially overlap with or are closely related to Defendants here—alleging various misdeeds related to efforts to take possession of the property foreclosed in the first suit. *See Satterfield v. Beneficial Financial I Inc.*, 2016 IL App (1st) 151483-U (Ill. App. 2016) (reproduced at Doc. 25-3), *app. denied*, 60 N.E.3d 882 (Ill. 2016), *cert. denied*, 137 S. Ct. 1076 (2017), *reh'g denied*, 137 S. Ct. 1617 (2017).

In this case, brought about one week after the United States Supreme Court denied his petition for rehearing of its denial of his certiorari petition seeking review of the state appellate court's judgment in his state court suit, Satterfield once again complains of actions taken during the course of the foreclosure proceedings and thereafter. This court dismissed without prejudice

1

the initial complaint; the federal claims were dismissed for failure to state a claim and, given the lack of diversity, the state law claims were dismissed for lack of jurisdiction under 28 U.S.C. § 1367(c)(3). Doc. 5. The court gave Satterfield a chance to file an amended complaint, which he did. Doc. 7. Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 22.

Many of the amended complaint's claims seek review of, or allege harm arising from, the state court's foreclosure judgment; the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction over those claims. *See Nora v. Residential Funding Co.*, 543 F. App'x 601, 602 (7th Cir. 2013); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004); *Di Cosola v. CitiMortgage, Inc.*, 2011 WL 4808188, at *1 (N.D. Ill. Oct. 11, 2011). Other of the amended complaint's claims seek to re-litigate claims (some of the legal theories changed, but the underlying factual allegations are the same) that were dismissed in Satterfield's state court suit; those claims fail on the merits on preclusion grounds. *See Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016-17 (7th Cir. 2014); *Easley v. Russ*, 247 F. App'x 823, 826-27 (7th Cir. 2007); *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000).

Still other of the amended complaint's federal claims pertain to conduct that post-dated the judgments entered in the state court suits. Those claims are dismissed on the merits. Satterfield has no claim under 42 U.S.C. §§ 1983, 1985, or 1986 because Defendants are not state actors and the amended complaint does not come close to alleging the kind of concerted conduct between private and public actors that could support such claims against private actors. *See Holm v. Clark*, 2012 WL 1015988, at *4 (N.D. Ill. Mar. 23, 2012). And while Plaintiff mentions in passing a pastiche of other federal statutes, Doc. 7 at ¶ 145, none are implicated by his allegations, and his opposition brief does not cogently argue that he has any claim under

those statutes, so any such claims are forfeited. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (holding that where the plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citations omitted).

Any state law claims that Satterfield might have pertaining to conduct post-dating the judgments entered in the state court suits are dismissed under 28 U.S.C. § 1367(c)(3). Satterfield and Defendant HSBC Finance Corporation are Illinois citizens, so there is no diversity jurisdiction over those claims. The only jurisdiction arises under § 1367(a), which the court relinquishes under § 1367(c)(3) given the case's early stage and Satterfield's ability under Illinois law to refile those state law claims in state court. *See* 735 ILCS 5/13-217.

October 31, 2017

United States District Judge